**Dupe KUFORIJI; et al., Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 07–73304.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 19, 2010.*

Filed Nov. 2, 2010.

Dupe Kuforiji, Woodinville, WA, pro se.

Georgina Biobaku, Woodinville, WA, pro se.

James A. Hurley, Esquire, OIL, DOJ—U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Esquire, Immigration and Naturalization Service, Office of the Dis-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**308**

trict Counsel, Seattle, WA, for Respondent.

Before: O'SCANNLAIN, LEAVY, and TALLMAN, Circuit Judges.

MEMORANDUM **

Dupe Kuforiji and her daughter, natives and citizens of Nigeria, petition pro se for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying their application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the IJ's factual findings, applying the new standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir.2010). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination based on the inconsistencies regarding Kuforiji's identity and marital status, and her failure to provide sufficient corroboration in the absence of credible testimony. *See id.* at 1040–44 (adverse credibility determination was reasonable "[i]n the totality of circumstances"); *see also Aden v. Holder*, 589 F.3d 1040, 1046 (9th Cir.2009) ("[t]he highly deferential standard of review compels us to let stand the BIA's determination that petitioner's corroboration was insufficient."). Accordingly, in the absence of credible testimony, petitioners' asylum and withholding of removal claims fail. *See*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**